# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ROBERT MICHAEL BUSCHING,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. TDC-15-0107
Civil Action No. TDC-17-0378

## MEMORANDUM OPINION

Petitioner Robert Michael Busching has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In 2015, Busching pleaded guilty to possession of and access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In his Motion, Busching argues that he received ineffective assistance of counsel because his trial counsel failed to advise him that his diagnosed Asperger's Syndrome could serve as a defense to the intent element of this crime. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On March 16, 2015, Busching was charged with three counts of violating federal laws against child pornography. The Indictment alleged that on three separate occasions, he "did knowingly possess and knowingly access with intent to view" child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Indictment at 1, 3–4, ECF No. 1. The Indictment arose out of

Busching's use of his home computer to access multiple Dropbox accounts that stored child pornography. Busching also created two other Dropbox accounts to which he added videos of child pornography and then shared the links to those accounts with people whom he had met on a website named Omegle, the same website on which Busching had obtained access to the other Dropbox accounts. In total, Busching admitted to accessing Dropbox accounts that contained more than 600 images of child pornography.

This was not Busching's first offense. He was previously convicted, in March 2011, of Distribution of Child Pornography, in violation of Md. Code Ann., Crim. Law § 11-207(a)(4), in the Circuit Court for Montgomery County, Maryland. For that offense, he was sentenced to seven years of imprisonment, with all but five days suspended, to be followed by five years of supervised probation. Accordingly, the Indictment in the present case charged Busching with having committed the charged offenses after a prior conviction for a child pornography offense, with the result that he was subjected to 10-year mandatory minimum sentence on all three counts. *See* 18 U.S.C. § 2252A(b)(2) (2012).

In 2011, Busching was diagnosed with Asperger's Syndrome, now known as a form of Autism Spectrum Disorder. According to Dr. Daniel Murrie, a forensic psychologist who submitted an expert report on behalf of Busching relating to the sentencing hearing, the result of Busching's autism symptoms is that he "lacks the skills on which friendships, romantic relationship, and even casual relationships rely." Murrie Report at 12, ECF No. 33-1. Therefore, Busching "has developed no age-appropriate friendships or romantic relationships" and "continues to function, in many respects, at a level much more consistent with a young adolescent than a 25-year-old adult." *Id*. Busching never lived apart from his mother until his incarceration, he talks aloud to himself, and his childhood pastimes of collecting magic tricks,

2

toys, and movie and game show memorabilia have continued into adulthood. In a letter to the Court, Busching's mother stated that her son is socially awkward, has never been able to form friendships with peers, and engages in inappropriate behavior for his age. For example, Busching's bedroom is cluttered with toys and stuffed animals, and Busching still plays with these items. Donna Troisi, a Licensed Clinical Social Worker who consulted with Busching and his mother prior to sentencing, stated in a letter to the Court that Busching had only recently come to understand that viewing child pornography is not just illegal but morally wrong.

On September 11, 2015, Busching entered into a plea agreement with the Government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed that Busching would plead guilty to Count One of the Indictment, the Government would dismiss Counts Two and Three, and the parties would jointly request that the Court impose the mandatory minimum sentence of 120 months, to run concurrently with the sentence imposed by the Circuit Court for Montgomery County for Busching's probation violation. If the Court did not agree with the recommended sentence, Busching would be entitled to withdraw his guilty plea.

As for the application of the United States Sentencing Guidelines, the parties agreed that the base offense level was 18 and that the following upward enhancements would apply: a two-level increase pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved prepubescent minors; a two-level increase pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because the offense involved distribution; a two-level increase pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of a computer; and a five-level increase pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved 600 or more images. The Government did not oppose a three-level reduction for acceptance of responsibility, for a final offense level of 26.

At a September 29, 2015 hearing, Busching pleaded guilty to one count of "possession of and access with intent to view child pornography." Hearing Tr. at 28, ECF No. 48. By accepting the Government's Statement of Facts, Busching acknowledged that he had "used an internet based cloud storage system, namely [Dropbox,] to possess and access with intent to view child pornography." Hearing Tr. at 22, ECF No. 48. Busching further admitted that, in addition to accessing the Dropbox accounts of others that contained child pornography, Busching created two Dropbox accounts, added child pornography videos to those accounts, and then shared links to those accounts with other individuals.

At the sentencing hearing on January 19, 2016, defense counsel argued that the Court should sentence Busching to no more than the mandatory minimum sentence because Busching's autism causes him to continue to engage in childlike behavior, which makes it unlikely that Busching is a danger to children. In support, defense counsel provided the expert report of Dr. Murrie, who described Busching's symptoms and likelihood of re-offense, and letters from friends and family who described Busching's good character and gentle nature. At the close of the hearing, the Court accepted the plea agreement recommendation and imposed the mandatory minimum sentence of 120 months, to run concurrently to Busching's state sentence.

On February 3, 2017, Busching filed the present Motion in which he alleges ineffective assistance of counsel. The Court ordered the Government to respond to the Motion. The matter is now fully briefed and ripe for decision.

**DISCUSSION**

In his Motion, Busching argues that (1) he was charged with a specific intent crime, which makes evidence of his mental condition relevant to the *mens rea* that the Government would have had to prove beyond a reasonable doubt at trial; (2) his trial counsel should have told

4

him that Asperger's Syndrome can serve as a defense to specific intent crimes; and (3) had he been advised of this defense, he would have proceeded to trial rather than plead guilty.

I.      **Legal Standard**

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2012). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. A prisoner alleging ineffective assistance of counsel in violation of the Sixth Amendment must ordinarily meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the prisoner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Regarding prejudice, when counsel's alleged ineffectiveness relates to a defendant's choice to plead guilty, the prisoner "must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The standard is objective, rather than subjective, in that the prisoner must show that

5

"proceeding to trial would have been objectively reasonable in light of all the facts." *Fugit*, 703 F.3d at 260.

## II. Specific Intent

Busching argues that he received ineffective assistance of counsel because his trial counsel did not explain to him that Asperger's Syndrome could serve as a defense to the intent element that the Government would have had to prove at trial, and that his counsel's failure to do so caused his performance to fall "below an objective standard of reasonableness measured by prevailing professional norms." *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688). In support of this argument, Busching contends that he was charged with and pleaded guilty to a specific intent crime.

Preliminarily, the Court notes that when describing various *mens rea* requirements for criminal offenses, "[t]he common law traditionally used a variety of overlapping and, frankly, confusing phrases to describe culpable mental states—among them, specific intent, general intent, presumed intent, willfulness, and malice." *Voisine v. United States*, 136 S. Ct. 2272, 2281 (2016). Determining the applicability of such common law terms to federal criminal statutes, when Congress did not specifically use those terms and did not explicitly articulate the *mens rea* requirement it intended to apply to a criminal offense, can be difficult at best. Here, the Court must distinguish between two of these terms: general intent and specific intent.

As relevant here, "a general intent crime does not require that the defendant intend the precise purpose or results of the crime but only that the defendant intentionally engage in the *actus reus* [the physical act] of the crime[.]" *United States v. White*, 670 F.3d 498, 508 (4th Cir. 2012), *abrogated on other grounds by Elonis v. United States*, 135 S. Ct. 2001 (2015). The relevant intent is "the intention to make the bodily movement which constitutes the act which the

6

crime requires." W. LaFave & A. Scott, Substantive Criminal Law § 5.2(e) (3d ed. 2017) (citation omitted). In modern criminal statutes, general intent crimes are usually denoted by the requirement that the defendant "knowingly" performed the proscribed act. *United States v. Bailey*, 444 U.S. 394, 405 (1980) ("In a general sense, 'purpose' corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent."); *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). In contrast, a "specific intent" crime contains "a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." W. LaFave & A. Scott, Substantive Criminal Law § 5.2(e) (3d ed. 2017). This heightened requirement typically involves a subjective intent to do or cause harm, such as an intent to deprive someone of property, an intent to kill, or an intent to defraud. *Id*.

The Indictment here charged Busching with the crime of "Possession of and Access with Intent to View Child Pornography," in violation of 18 U.S.C. § 2252A(a)(5)(B). The Court used this same language to identify the offense to Busching when he pleaded guilty. The Indictment specifically alleged that Busching "did knowingly possess and knowingly access with intent to view" child pornography. Indictment ¶ 1. Busching argues that the phrase "with intent to view" makes this offense a specific intent crime, and that evidence of his mental condition therefore was not only relevant but could have served as a defense to the charge. *See United States v. Worrell*, 313 F.3d 867, 873–74 (4th Cir. 2002) (concluding that psychiatric evidence of a mental condition may be used to rebut the government's evidence of specific intent). Busching contends that, because the Indictment used "and" to connect the "possess" and "access with intent" forms of the charged offense, and because Busching pleaded guilty to the offense in the

7

conjunctive, the Government would have been required at trial to prove that he both possessed child pornography and accessed it with the specific intent to view it.

The Court disagrees. The statute prohibits "knowingly possess[ing], *or* knowingly access[ing] with intent to view, any . . . material that contains an image of children pornography[.]" 18 U.S.C. § 2252A(a)(5)(B) (emphasis added). It is common practice to describe in an indictment multiple means of committing a single offense using conjunctive terms, even when the statute itself uses disjunctive language. *See, e.g.*, *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) ("Where a penal statute . . . prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, . . . the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense, and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute."); *United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976) ("Once it is determined that the statute defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment."). Such charging language does not expand the elements that must be proven because "[p]roof of any one of the allegations will sustain a conviction." *UCO Oil Co.*, 546 F.2d at 838.

Here, 18 U.S.C. § 2252A(a)(5)(B) may be violated in one of two ways, by knowingly possessing child pornography or by knowingly accessing with intent to view material that contains child pornography. It may be that the second means of committing the offense, "access with intent to view," is a specific intent crime. *See United States v. Tagg*, 886 F.3d 579, 587–88 (6th Cir. 2018) (emphasizing that proof of both accessing a website containing child pornography and having "the intent to view illegal material" is sufficient to establish a violation

8

of the "access with intent to view" offense in § 2252A(a)(5)(B)). *Cf. United States v. Palomino-Coronado*, 805 F.3d 127, 130–31 (4th Cir. 2015) (concluding that a similar statute, 18 U.S.C. § 2251(a), which prohibits inducing a minor to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct," is a specific intent crime); *United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017) (stating that possession with intent to distribute a controlled substance has an element requiring specific intent); *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013) (same). There is no need, however, for the Court to make that determination here, because knowing possession of child pornography, the first means of violating the statute, is a general intent crime, and Busching pleaded guilty to violating the statute in that manner. *See United States v. Santacruz*, 563 F.3d 894, 897 (9th Cir. 2009) (stating that the knowing possession form of 18 U.S.C. § 2252A(a)(5)(B) lacks a specific intent requirement). *Cf. United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (stating that 18 U.S.C. § 2252A(a)(2)(A), a similarly worded provision that prohibits "knowingly receiv[ing] or distribut[ing]" child pornography, is a general intent crime).

To convict a defendant of knowing possession of child pornography in violation of § 2252A(a)(5)(B), the Government must prove that (1) the defendant knowingly possessed visual depictions of child pornography; (2) the visual depictions were transported in or affecting interstate or foreign commerce, or were produced using materials that had been transported in or affecting such commerce; and (3) the defendant knew "of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct." *United States v. Koegel*, 777 F. Supp. 2d 1014, 1022 (E.D. Va. 2011). Busching admitted to sufficient facts to satisfy these elements, including the facts that (1) he met someone on a chat website called Omegle who gave him access to several Dropbox accounts that

contained child pornography, (2) he created two Dropbox accounts of his own and added child pornography to them, and (3) he shared access to his Dropbox accounts with other people on Omegle. Because these facts are sufficient to sustain a conviction for knowing possession of child pornography, the offense for which Busching was charged, there was no need for his counsel to advise him that Asperger's Syndrome may have been a defense to the second means of violating this statute. *See United States v. Smith*, 638 F.2d 131, 132 (9th Cir. 1981) (holding that evidence of diminished capacity could only be relevant on the intent element of a specific intent crime); *see also United States v. Larson*, 346 F. App'x 166, 2009 WL 2917778, at *1 (9th Cir. Sept. 14, 2009) (rejecting a defendant's attempt to use his developmental disability as a defense to possession of child pornography because the offense is a general intent crime). The Court therefore rejects Busching's claim that his counsel provided ineffective assistance of counsel.

## III. Prejudice

Alternatively, even if Busching's Asperger's Syndrome were a potential defense to the charged offense, Busching would still need to satisfy *Strickland*'s second prong by showing that he was prejudiced by his counsel's failure to inform him that evidence of his Asperger's Syndrome could be relevant at trial. To show prejudice, Busching would need to establish that there was a reasonable probability that with such knowledge he would have insisted on going to trial, which requires a showing that rejecting the plea agreement and proceeding to trial "would have been objectively reasonable in light of all the facts." *Fugit*, 703 F.3d at 260.

The United States Court of Appeals for the Fourth Circuit has stated that in light of the Insanity Defense Reform Act, 18 U.S.C. § 17(a), which prohibits "a defense that raises 'any form of legal excuse based upon one's lack of volitional control' including 'a diminished ability or

failure to reflect adequately upon the consequences or nature of one's actions,'" successfully using psychiatric evidence of a mental condition to negate evidence of specific intent will be "rare." *Worrell*, 313 F.3d at 872, 875 (quoting *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990)). Here, the psychiatric evidence would have to address whether Busching actually had the specific intent to view child pornography at the time of the offense, not whether he lacked the capacity to stop himself from viewing the material. *See Worrell*, 313 F.3d at 875.

Busching argues that his condition makes him unable to comply with social norms or appreciate the wrongfulness of his behavior. He still engages in childlike behavior, such as playing with stuffed animals and Legos, and he has not lived independently of his mother. Dr. Murrie's report describes him as "isolated" and lacking the skills needed to form friendships and personal relationships. Murrie Report at 4, 12. However, the report also states that Busching never failed a grade in school, never faced disciplinary problems in school, graduated from high school, was able to maintain a stable employment history at a retail store, and has successfully completed multiple community college courses.

Busching has not demonstrated how the presented evidence that he has Asperger's Syndrome would have negated the specific intent that he argues the Government would have had to prove at trial, namely the specific intent to view material containing child pornography. The proffered evidence of his condition would not, for instance, have shown that he did not realize that these images were child pornography, nor would it have shown that he was accessing these Dropbox accounts in order to view material other than child pornography. Going to trial in order to present his mental condition as a defense would therefore have gained him very little.

Rejecting the plea agreement, on the other hand, would have been costly. By accepting the Government's plea offer, Busching obtained the Government's agreement that it would drop

two of the three charges in the Indictment, that it would agree to jointly ask Court to impose no more than the mandatory minimum sentence, to run concurrently with Busching's state sentence for violation of probation, and that it would allow Busching to withdraw his guilty plea if the Court sought to impose a higher sentence. Although the Guideline range after trial would have been 97–121 months of imprisonment, Busching avoided the possibility of a superseding indictment for distribution of child pornography. The Government had considered seeking a distribution charge based on Busching having shared links to his Dropbox accounts, which contained child pornography, a charge that would have carried a 15-year mandatory minimum sentence. *See* 18 U.S.C. § 2252A(a)(2), (b)(1). Busching therefore gained significant advantages through this plea agreement that would have been lost had he chosen to go to trial. In light of the insufficient showing that the proffered evidence of Busching's Asperger's Syndrome would have established a successful defense at trial, it was not objectively reasonable for Busching to reject the plea agreement. Where Busching has failed to establish the prejudice requirement, his claim that he was denied effective assistance of counsel must therefore fail.

## IV.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, Busching must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that

"jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773–74 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)). Here, this Court finds that Busching has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Busching may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, Busching's § 2255 Motion is DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: July 24, 2018

THEODORE D. CHUANG
United States District Judge